# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0338, <u>Sanjeev Lath v. Gerard Dufresne</u>, the court on March 1, 2019, issued the following order:**

Having considered the plaintiff's brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Sanjeev Lath, appeals an order of the Circuit Court (<u>Chabot</u>, J.) denying his motion to vacate an order that had approved a settlement agreement reached by the parties at the hearing on the merits of his small claim against the defendant, Gerard Dufresne.  He argues that an alleged <u>ex</u> <u>parte</u> communication between the defendant and the trial court allegedly resulted in an administrative transfer of the case from the Nashua District Division, where he had filed the case, to the Manchester District Division in violation of his rights under the State and Federal Constitutions.

"An action on a small claim may be commenced by filing an application in the district . . . court having jurisdiction."  RSA 503:3 (2010).  The district division of the circuit court has exclusive jurisdiction over "civil cases in which the damages claimed do not exceed $1,500, . . . <u>and the plaintiff or defendant resides within the district</u>."  RSA 502-A:14, I (2010) (emphasis added); <u>see</u> <u>also</u> RSA 490-F:3 (Supp. 2018) (granting circuit court the jurisdiction, powers, and duties conferred upon the former district courts).

The record in this case establishes that the plaintiff electronically filed his small claim complaint with the Nashua District Division of the 9th Circuit Court on December 1, 2017, seeking $110 plus the filing fee of $90 for a printer that the defendant had allegedly converted.  In the complaint, the plaintiff listed both his own residential address and the residential address of the defendant as being located in Manchester.  On December 11, 2017, the administrative judge of the circuit court issued an order administratively transferring the case from the Nashua District Division to the Manchester District Division, noting that "[t]he Plaintiff and Defendant appear to be residents covered by the 9th Circuit – Manchester," and that the "small claim matter was mistakenly filed at the 9th Circuit – Nashua."  On December 15, 2017, <u>after</u> the case was administratively transferred, notice of the small claim was served upon the defendant.  The defendant filed his response to the small claim on January 9, 2018.

The hearing on the merits occurred on May 4, 2018. The plaintiff asserts that, at the hearing, the defendant introduced a pleading in which he claimed that "after being notified of this *COMPLAINT* BY Lath's *e-Filing*, . . . [the defendant] called the Nashua District Division Court to inform the court that both Lath and Dufresne were at the time, condominium unit owner residents, of Manchester, NH." Following the hearing, the trial court issued an order approving a settlement agreement in which the defendant agreed to return, and the plaintiff agreed to accept, the printer with its power cord cut and its drum in need of repair or replacement, and in which "[b]oth parties agreed [that] there is no basis for damages to be paid."

On May 17, 2018, the plaintiff filed the present motion to vacate the May 4 order approving the settlement, asserting that "during [the] trial on the merits . . . , [the defendant] conceded that upon filing, [the defendant] 'called' the Court for a change of venue. Subsequently, this matter was removed [to] the 9th Circuit Court in Manchester, NH." The plaintiff claimed that he in fact had been staying in Nashua when he filed the complaint, that he had a right to have the case tried in that location, and that the defendant's alleged ex parte communication had deprived him of his venue choice in violation of his due process rights under the State and Federal Constitutions. The trial court denied the motion, and this appeal followed.

It is the plaintiff's burden on appeal to establish reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Likewise, it is the plaintiff's burden to provide a record on appeal that is sufficient to decide the issues he is raising. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2014). Absent a relevant hearing transcript, we assume that the evidence was sufficient to support the result reached by the trial court. See id.

We conclude that the plaintiff has not established that the trial court erred by denying his motion to vacate the May 4, 2018 order approving of the parties' settlement. By seeking to vacate the order approving of the settlement, the plaintiff effectively sought a new hearing on the merits based upon the alleged ex parte communication. See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006). The trial court may grant a new hearing if it finds that "through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." RSA 526:1 (2007). The record in this case does not establish that justice has not been done or that a further hearing would be equitable.

The plaintiff has not provided a transcript of the May 4, 2018 hearing in which, he claimed, the defendant "conceded that upon filing, [he had] 'called' the Court for a change of venue." Thus, we must assume that a transcript of that hearing would support the trial court's denial of the motion to vacate. See Bean, 151 N.H. at 250. Nor does the pleading that the defendant allegedly submitted at the hearing establish that justice has not been done or that a

further hearing is equitable.  In the pleading, the defendant claimed that he had contacted the Nashua District Division to notify it that the parties were both Manchester residents "after being notified of this *COMPLAINT* BY Lath's _e-Filing_."  The record, however, establishes that the administrative judge of the circuit court transferred the case on December 11, 2017, <u>before</u> the defendant was notified by the court of the small claim filing.  Indeed, on the face of the complaint, the plaintiff identified no party residing within the Nashua district so as to render the Nashua District Division a proper forum.  <u>See</u> RSA 503:3; RSA 502-A:14, I.  Thus, even if we were to assume, without deciding, that the call to the Nashua District Division amounted to an improper <u>ex</u> <u>parte</u> communication, the plaintiff has not demonstrated how the communication prejudiced him.  <u>See</u> <u>McNair v. McNair</u>, 151 N.H. 343, 355 (2004) (applying a harmless error standard to trial court's <u>ex</u> <u>parte</u> communications).

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**